IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01135-BNB

IRA VINCENT MINER,

     Applicant,

v.

[NO NAMED RESPONDENTS],

     Respondents.

---

## ORDER OF DISMISSAL

---

     Plaintiff, Ira Vincent Miner, is a prisoner in the custody of the Colorado

Department of Corrections who currently is incarcerated at the Sterling Correctional

Facility.  Mr. Miner submitted to the Court *pro se* on April 29, 2013, a letter.  On April 30,

2013, as part of the Court's review pursuant to D.C.COLO.LCivR 8.2, Magistrate Judge

Boyd N. Boland noted certain deficiencies in the submitted document and ordered Mr.

Miner to cure the deficiencies within thirty days if he wished to pursue his claims.

     The April 30 order pointed out that Mr. Miner failed to submit either the $5.00

filing fee or a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28

U.S.C. § 1915 in a Habeas Corpus Action on the proper, Court-approved form together

with a certificate showing the current balance in his prison account.  The April 30 order

also pointed out that Mr. Miner failed to submit an Application for Writ of Habeas Corpus

Pursuant to 28 U.S.C. § 2254 on the proper, Court-approved form.

The April 30 order directed Mr. Miner to obtain, with the assistance of his case manager or the facility's legal assistant, the Court-approved forms for filing a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action and an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254.  The April 30 order warned Mr. Miner that, if he failed to cure the designated deficiencies within thirty days, the action would be dismissed without prejudice and without further notice.

Mr. Miner has failed to cure the designated deficiencies within the time allowed, or otherwise to communicate with the Court in any way.  Therefore, the action will be dismissed without prejudice for Mr. Miner's failure to cure the designated deficiencies as directed within the time allowed, and for his failure to prosecute.

Finally, the Court certifies pursuant to § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Mr. Miner files a notice of appeal he also must pay the full $455.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the action is dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for the failure of Applicant, Ira Vincent Miner, within the time allowed, to cure the deficiencies designated in the order to cure of April 30, 2013, and for his failure to prosecute.  It is

FURTHER ORDERED that no certificate of appealability will issue because

Applicant has not made a substantial showing of the denial of a constitutional right.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is

denied without prejudice to the filing of a motion seeking leave to proceed *in forma*

*pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.  It is

FURTHER ORDERED that any pending motions are denied as moot.

DATED at Denver, Colorado, this __6th__ day of __June__, 2013.

BY THE COURT:


 s/ Lewis T. Babcock
LEWIS T. BABCOCK
Senior Judge, United States District Court